**[J-82-2025] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 71 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1028 MDA |
| | : | 2022 entered on October 23, |
| v. | : | 2023, Affirming the Judgment of |
| | : | Sentence of the York County |
| | : | Court of Common Pleas, Criminal |
| CYNTHIA CAROLYN BLACK, | : | Division, at No. CP-67-CR- |
| | : | 0002801-2020 entered on |
| Appellant | : | June 17, 2022. |
| | : | |
| | : | ARGUED:  October 8, 2025 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                                      **DECIDED:  June 16, 2026**

I join the Majority Opinion insofar as it holds that Cynthia Carolyn Black's (Black) prosecution for the crime of theft by deception is time barred.  Additionally, I concur in the Majority's conclusion that Black's prosecution for the crime of receiving stolen property (RSP) is likewise time barred, though my rationale in support of that conclusion differs from that of the Majority.  In particular, while I agree that RSP is an offense that continues so long as a defendant "intentionally retains (or continues to possess) property, that she knows, or reasonably should have known, was stolen, absent an intent to restore the property to the owner," (Maj. Op. at 25), I disagree with the Majority's specification that a defendant disposes of stolen property when she no longer retains it in the form in which she originally received it.  To my mind, merely converting stolen property from one form to another is not the same as disposing of stolen property, or no longer retaining stolen property, for purposes of the RSP statute and the commencement of the applicable statute of limitations.  Indeed, to "dispose of" something means, *inter alia*, "to get rid of[,]

throw away[, or] discard." *Dispose of*, Webster's Third New International Dictionary 654 (1993) (capitalization omitted).

By way of further illustration, if a defendant steals money, in whatever form, and then throws it into a river, I have no qualms with concluding that the defendant no longer retains the money at that point. But if a defendant steals money in one form and then uses it for purposes of, say, paying a home mortgage as the Commonwealth of Pennsylvania (Commonwealth) claims Black did here, then, in my view, the defendant still retains that money, though converted into the form of home equity. *See, e.g.*, *State v. Key*, 575 P.2d 826, 829, 830 (Ariz. Ct. App. 1978) (rejecting argument that $4000 in cash derived from stolen $20,000 personal check was not stolen property for purposes of offense of receiving stolen property, characterizing argument as embodying "hyper-technical view of the transactions" at issue and "extremely restrictive interpretation of the requirement that the property received must be stolen"); *United States v. Morgan*, 805 F.2d 1372, 1377-78 (9th Cir. 1986) (explaining that, to sustain conviction under 18 U.S.C. § 2314 (prohibiting transportation of, *inter alia*, stolen goods and moneys), "it is not necessary for the government to show that the precise object stolen, converted, or taken by fraud be transported" and that, instead, "it is sufficient if the item transported is directly derived from the property stolen, converted, or taken by fraud"); *United States v. Walker*, 176 F.2d 564, 566 (2d Cir. 1949) ("[I]t cannot be seriously argued that, if the accused defrauded his victim of bills or a large denomination and changed them into smaller bills, or vice versa, he would escape [conviction under predecessor to 18 U.S.C. § 2314]; and we recognize no distinction between such a case and the exchange of money from ordinary bank cheques into Travellers cheques.").

The problem with the Commonwealth's position in this case, however, is its failure to demonstrate that Black retained the stolen Social Security Administration (SSA) funds

in any form within the five years preceding the filing of the RSP charge against her in May 2020. As the Majority observes, the monthly SSA payments at issue here were deposited into the joint bank account that Black shared with her grandmother, the intended recipient of the SSA payments, until November 2010. The Commonwealth claims that, because there is no evidence that Black returned or relinquished the funds, and there is evidence that she used the funds to pay the mortgage on her York County property, it is reasonable to infer that she retained the funds either uninterrupted from the time of the original direct deposits or in the form of home equity until the May 2018 foreclosure on the property.

I disagree that it is reasonable to infer that the SSA funds last deposited into the joint bank account in 2010, without more, remained in that account uninterrupted until the Commonwealth charged Black in 2020. Moreover, in support of its home equity argument, the Commonwealth cites to: (1) certain stipulations of fact, none of which provide that Black used the SSA payments to pay the mortgage on the York County property; (2) the 2010 mortgage modification documents, which likewise do not show that Black used the SSA funds to pay the mortgage; and (3) a statement that is in the affidavit of probable cause attached to the stipulations but was not agreed to by the parties that, "When the family moved to Dillsburg the income from [Black's grandmother] was used to pay the mortgage." (Commonwealth's Brief at 19, 21 (citing Stipulations of Fact for Trial, 3/15/2022, Nos. III.h. and IV.k.; Exhibit B to Stipulation of Facts for Trial, 3/15/2022, Affidavit of Probable Cause, at 2; Exhibit F to Stipulation of Facts for Trial, 3/15/2022, "Allstates Modification Fax" Documentation, at 9; and Exhibit G to Stipulation of Facts for Trial, 3/15/2022, "Making Home Affordable Program Request for Modification and Affidavit," at 2).) Based on this evidence (or lack thereof), the inferences that the Commonwealth asks us to make are too speculative with respect to the whereabouts of

the stolen SAA funds, particularly from 2015 onward. *See Morgan*, 805 F.2d at 1378 (rejecting argument that purchased gold Krugerrand coins were not stolen property but instead proceeds of stolen property because "the Krugerrands were directly traceable to the fraudulent taking and carrying away of funds in the care, custody, control and possession of" American Savings and Loan Association); *State v. Fournier*, 617 A.2d 998, 1000-01 (Me. 1992) (rejecting defendant's argument that he did not receive stolen property "because the dollar bills he received were not the same as the dollar bills stolen from the church" and explaining that, "[g]iven the fungible nature of money, the State satisfied its burden of providing beyond a reasonable doubt the defendant's receipt of stolen money by tracing the path of the money from the church account through [the defendant's mother] to the defendant"). Accordingly, while I do not align myself with the Majority insofar as it concludes that Black's transfer of the stolen SSA funds to the mortgage holder constituted a disposal of those funds triggering the statute of limitations, I nonetheless concur in the Majority's holding that the Commonwealth's prosecution of Black for RSP is time barred.